Gilbert v. State 






NO. 10-90-089-CR


IN THE
COURT OF APPEALS
FOR THE
TENTH DISTRICT OF TEXAS
AT WACO

* * * * * * * * * * * * *

          LARRY LEE GILBERT,
                                                                                            Appellant
          v.

          THE STATE OF TEXAS,
                                                                                            Appellee

* * * * * * * * * * * * *

 From 82nd Judicial District Court
Robertson County, Texas
Trial Court # 14,383

* * * * * * * * * * * * *

O P I N I O N

* * * * * * *
          A jury convicted Appellant of arson and, under two enhancement paragraphs, assessed his
punishment at life in prison. See Tex. Penal Code Ann. art. 28.02 (Vernon Supp. 1991). The
only point on appeal is that Appellant was not given adequate notice of the State's intent to obtain
a deadly weapon finding. The judgment will be affirmed.
          The State alleged in the indictment that Appellant "used and exhibited a deadly weapon,
to wit: an unknown burning object and [a] 16 oz. Busch beer can with gasoline" during the
commission of the offense. The jury found him guilty "as charged in the indictment." 
          A defendant is entitled to some form of notice that the use of a deadly weapon will be a fact
issue at trial. Ex parte Beck, 769 S.W.2d 525, 526 (Tex. Crim. App. 1989). Although due
process does not require that such notice appear in the indictment, it "probably should appear
there." Ex parte Patterson, 740 S.W.2d 766, 776 (Tex. Crim. App. 1987). Furthermore, the
Court of Criminal Appeals has held that, even when the state voluntarily abandons the portion of
the indictment alleging use of a deadly weapon, the indictment still provides adequate notice that
the use of a deadly weapon will be an issue at trial. Grettenberg v. State, 790 S.W.2d 613, 614-15
(Tex. Crim. App. 1990).
          The indictment gave Appellant adequate notice that the use of a deadly weapon would be
a fact issue at trial. When the jury found him guilty "as charged in the indictment," it
affirmatively found that he used or exhibited a deadly weapon during the commission of the
offense. See Ex parte Beck, 769 S.W.2d at 528. Thus, the court did not err when it included a
deadly weapon finding in its judgment. Point one is overruled and the judgment is affirmed.
 
                                                                                 BOB L. THOMAS
                                                                                 Chief Justice

Before Chief Justice Thomas,
          Justice Cummings and Justice Vance
Affirmed
Opinion delivered and filed June 13, 1991
Do not publish